```
 1  LAW OFFICES OF DAVID M. HOLLINGSWORTH
    David M. Hollingsworth    SBN: 36405
 2  1474 Deer Flat Road
    Monterey, CA 93940
 3
    Attorney for Plaintiff
 4
```

## U.S. BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| MARILYN POPE, | Case No.: 10-50221 ASW Chapter 11 |
|---|---|
| Plaintiff, | Adversary Proceeding No.: 10-5090 |
| | **AMENDED PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | Date: October 21, 2014 |
| JOHN JEFFERSON VITALICH AND MARIA TERESA AURIGUE VITALICH, | Time: 3:30 p.m.<br>Place: Dept. 3020 ASW<br>Peckham Federal Building<br>280 South First Street,<br>San Jose, CA |
| Defendant. | |

Plaintiff MARILYN POPE and Defendant JOHN VITALICH hereby submit the following Case Management Conference Statement, for the Case Management Conference scheduled at the place and time listed above. Defense counsel states he will either agree with this CMCS, or file his own, independent or supplemental CMCS.

In the interest of avoiding the undue consumption of the Court's time reading a lengthy Case Management Conference Statement, this CMCS focuses on the present

1

controlling issue. (The parties previously filed a Case Management Conference Statement on July 17, 2013 [Docket No. 54] which sets forth the case background, legal theories, and parties' positions if the Court requires further background information.)

**A. BDRP:** The parties stipulated to this matter being assigned to BDRP. Plaintiffs' counsel travelled to Redwood City and spent almost the entire day attending an intensive mediation session on Monday, February 24, 2014. As a result of the seemingly effective mediation by Mr. Jacobsen, the parties reached a settlement. The document signed by the parties, titled "Terms of Mediated Settlement Agreement", (hereafter "SA") is attached hereto as Exhibit A.

**B. Compliance with Terms of Settlement:** The SA provided that John Vitalich make seven separate payments of specific sums do on specific dates totaling $50,000.00 on the express condition of prompt payment. In the absence of performance, the agreement provided that a non-dischargeable Judgment would be entered in the liquidated amount of $85,000.00. The first payment of $10,000.00 was due and paid by the due date of March 7, 2014. As provided by the SA, Plaintiff dismissed Maria Vitalich as a defendant in this proceeding upon receipt of the first payment. (¶¶ 1, 4.)

Mr. Vitalich's second payment of $15,000.00 was due on April 21, 2014, and has not been paid, and is 6 months overdue. Mr. Vitalich's third payment of $15,000.00 was due on June 6, 2014, and has not been paid. The SA provides that if Mr. Vitalich failed to make a payment by the date provided, and upon being given written notice of such failure and ten days to cure same, and upon failing to cure such failure, then Plaintiff would be permitted to enter a stipulated judgment in the amount of $85,000.00. (¶¶ 2-4.)

The SA provides that the parties would draft and sign a formal settlement agreement following the mediation which would contain "other customary terms" (of a settlement agreement). (¶ 7.) This was never done. [Plaintiff contends that "other customary terms" includes a provision for award of fees and costs against any party

breaching the agreement, and that the Stipulated Judgment should award reasonable attorney fees to enforce the terms of the Judgment. Plaintiff further contends by virtue of breach of the SA. Vitalich is estopped from contending that the customary provision should not included in the Judgment. The SA also provides that Mr. Vitalich would sign a stipulation to enter a non-dischargeable judgment in the amount of $85,000.00, which was only to be filed in the event he defaulted on one or more of his payments. (¶ 2.) This was also never done, and, according to his attorney, he refuses to do so..

**C. Current Intentions of the Parties:** Plaintiff now requests that the Court determine that Defendants have breached the SA and that a nondischargeable judgment be entered against Mr. Vitalich and Mrs. Vitalich in the agreed amount of $85,000.00, as provided by the SA. Plaintiff has now served Mr. Vitalich with his ten (10) day notice to cure, the time to cure has expired. Plaintiff respecfully requests that the hearing at the earliest date possible, or on such date the Court may advise as available at the CMC.

**D. Defendant's Issues:**

John Vitalich either never intended to perform the SA after he received the Dismissal With Prejudice, or changed his mind after he received the benefits of the Dismissal delivered by Plaintiff as promised.

Dated: October 14, 2014        /s/ David M. Hollingsworth
                               David M. Hollingsworth
                               Attorney for Plaintiff

3